**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES OWENS,** | ) | |
| No. K83253, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-01093-MJR** |
| | ) | |
| **WARDEN STEPHEN DUNCAN,** | ) | |
| **NURSE PRACTITIONER BURCHES,** | ) | |
| **JOHN COE,** | ) | |
| **C/O CORKFETER,** | ) | |
| **TONY KITTLE,** | ) | |
| **PHILLIPE,** | ) | |
| **JOHN DOE #1,** | ) | |
| **JOHN DOE #2,** | ) | |
| **JOHN DOE #3, and** | ) | |
| **JOHN DOE #4,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff James Owens, an inmate in Lawrence Correctional Center, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on how prison staff

and medical personnel treated him when he injured his left hip and thigh in January 2014, and

when he pulled or tore a muscle in May 2014.[1]

This case is now before the Court for a preliminary review of the complaint pursuant to

28 U.S.C. § 1915A, which provides:

(a) **Screening.–** The court shall review, before docketing, if feasible or, in any
event, as soon as practicable after docketing, a complaint in a civil action in which

---

[1] At this juncture the Court will assume that the two injuries are related, thus at least temporarily
staving off severance of claims into separate cases and requiring an additional filing fee.  *See
George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants
belong in separate lawsuits).

a prisoner seeks redress from a governmental entity or officer or employee of a
governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be
granted; or

(2) seeks monetary relief from a defendant who is immune from such
relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."
*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers
to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton,* 209 F.3d
1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted
if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell
Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must
cross "the line between possibility and plausibility.  *Id*. at 557.   At this juncture, the factual
allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth
Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on January 20, 2014, while eating lunch, Plaintiff
experienced pain in his left hip and thigh, which worsened until Plaintiff could not stand on his
leg.   Plaintiff informed John Doe #1 and John Doe #2 about his situation.   John Doe #1
threatened to mace Plaintiff if he did not stand up.  The two officers eventually had Plaintiff
lifted up onto a table near the door, and they left him there in excruciating pain for approximately
two hours, until the lunch shift ended.

A nurse or medical staff member, John Doe #3, arrived in the cafeteria with a wheelchair
to transport Plaintiff to the health care unit.   John Doe #3 did not help Plaintiff into the
wheelchair, nor did he/she assist Plaintiff into or out of the wheelchair on additional occasions

during Plaintiff's time in the health care unit.   John Doe #3 also forced Plaintiff to walk unassisted 30 feet to an exam table.

A doctor examined Plaintiff and prescribed Vicodin and a muscle relaxer.   Plaintiff stayed in the health care unit overnight and was then examined by Dr. Coe.  Dr. Coe ordered Plaintiff a cane and gave him a blister pack of Naproxen, but he neglected to tell Plaintiff how to take the medication.  Dr. Coe apparently also ok'd a replacement foam mattress for Plaintiff, but instructed Plaintiff that he had to get the mattress approved by security officials.

A guard confiscated Plaintiff's blister pack of medication so Plaintiff signed up for sick call, but he was never let out of his cell to attend the sick call.  When he told C/O Corkfeter that he needed to speak to a lieutenant about his situation, Corkfeter refused to summon a lieutenant.  An unidentified nurse subsequently made rounds and did explain to Plaintiff how to take Naproxen, but the nurse never did anything about getting Plaintiff more Naproxen to replace the confiscated blister pack.

Plaintiff attempted to speak to his counselor, Tony Kittle, about getting a foam mattress, but Kittle refused to speak with Plaintiff.  Plaintiff also submitted a grievance, but Kittle never responded.  Plaintiff attributes Kittle's inaction to retaliation for Plaintiff having sued Kittle in the past.  Plaintiff further alleges that the fact that Kittle remains his counselor after Plaintiff has sued him is evidence of a conspiracy.

Plaintiff never received the cane Dr. Coe had ordered in January, so Coe again ordered a cane in mid-February. The cane was not received until mid-May, four months after Plaintiff's initial injury.

In May 2014, Plaintiff stopped short and pulled or tore a muscle in his lower back. Plaintiff went to the health care unit, but Nurse Practitioner Phillipe refused to address the

muscle injury, instead insisting that Plaintiff was there regarding a fungal infection.   Plaintiff was eventually seen about a week later by Nurse Practitioner Burches.  However, Burches only prescribed Ibuprofen and a muscle relaxer for the muscle injury.

Plaintiff continued to experience pain from his muscle injury and nurses eventually stopped renewing his medications.  On May 30, 2014, Plaintiff saw Dr. Coe.  Coe acknowledged that Plaintiff had a muscle tear, but no pain medication was prescribed.  Rather, Dr. Coe ordered Plaintiff a back brace.  When the brace never arrived, Dr. Coe re-ordered the brace twice in July, but Plaintiff never received the brace—just as he never received the foam mattress.

Plaintiff submitted two requests for a foam mattress to John Doe #4, the clothing room supervisor in charge of such items, but he never received a response.

During the entire time period, Plaintiff filed multiple grievances, which were either denied or not answered by Warden Duncan.

Plaintiff sues Warden Duncan in his official capacity only, for purposes of injunctive relief (*see* Doc. 1, pp. 2, 10), and he sues the other defendants in their individual and official capacities, seeking declaratory and injunctive relief, as well as nominal, compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into two counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.   The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:   Defendants Burches, Coe, Corkfeter, Kittle, Phillipe and John Does #1-4 were deliberately indifferent to Plaintiff Owens' serious medical needs, in violation of the Eighth Amendment—Warden Duncan, in his official capacity only, is a defendant to this count for purposes of injunctive relief; and**

**Count 2:   Defendant Kittle, individually or in conspiracy, retaliated against Plaintiff, in violation of the First Amendment.**

## Discussion

## Count 1

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.   U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).   Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety.  *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).  Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior.  *Id*. at 835. Rather, the corrections official must have acted with the equivalent of criminal recklessness.  *Id*. at 836–37.  However, the deliberate obstruction or delay of treatment may violate the Eighth Amendment.  *See McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir.).

In the context of medical professionals, this standard also has been described as the "professional judgment" standard: A medical professional is entitled to deference in treatment decisions unless "no minimally competent

professional would have so responded under those circumstances." *Collignon v. Milwaukee County,* 163 F.3d 982, 988 (7th Cir.1998). A medical professional acting in his professional capacity may be held to have displayed deliberate indifference only if "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Collignon,* 163 F.3d at 988 (quoting *Youngberg v. Romeo,* 457 U.S. 307, 322–23, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982)); *see also Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir.2006).

*Sain v. Wood*, 512 F.3d 886, 894 -95 (7th Cir. 2008).

Although the Court will assume at this point that Plaintiff's pain and muscle injuries qualify as serious medical needs, the complaint does not sufficiently plead deliberate indifference on the part of each defendant.

Nurse Practitioner Burches prescribed Ibuprofen and a muscle relaxer for Plaintiff's muscle pain in May 2014 (a three-day prescription). Although Plaintiff may disagree with Burches' treatment decision, it does not reasonably suggest deliberate indifference, and negligent or even grossly negligent malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106; *Farmer*, 511 U.S. at 836; *Sain*, 512 F.3d at 894-95. Therefore, the claim against Burches will be dismissed with prejudice.

Similarly, the allegations regarding Dr. Coe do not state a colorable Eighth Amendment claim. Coe prescribed Naproxen in January; the fact that he did not instruct Plaintiff how to take the medication is, at worst, negligence, not deliberate indifference. Dr. Coe ok'd a foam mattress, but he explained that security had to also approve the mattress. The fact that others failed to take action on Plaintiff's request for a foam mattress does not fall on Dr. Coe. Dr. Coe also ordered Plaintiff a cane and back brace, and he reordered those items when they were not provided to Plaintiff. It is not alleged and nothing in the complaint suggests that Dr. Coe could guarantee that the medical devices he ordered would be provided to Plaintiff. Out of an abundance of caution, the claims(s) against Dr. Coe will be dismissed without prejudice.

The complaint otherwise satisfies the *Twombly* pleading standard relative to Defendants Corkfeter, Kittle, Phillipe and John Does #1-4.  Therefore, Count 1 shall proceed against those defendants in their individual capacities.

Warden Duncan is specifically sued only in his official capacity for injunctive relief (Doc. 1, pp. 2, 10).   When proper medical care is not provided in violation of the Eighth Amendment, the warden of the institution is the proper defendant, in his official capacity, for ensuring that any injunctive relief is carried out.  *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  Because he is sued *only* for purposes of injunctive relief, no substantive Eighth Amendment claim shall proceed against Warden Duncan because there is not allegation of a policy, practice or custom of deliberate indifference that traces back to him.  *See generally Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).  For similar reasons, the claims against all of the other defendants in their official capacities will be dismissed because there are no allegations of a policy, practice or custom of deliberate indifference—or anything else.

## Count 2

It is allege that Counselor Tony Kittle was deliberately indifferent to Plaintiff's medical needs—the basis for Count 1.  It is also alleged that Kittle's inaction was motivated by retaliation for Plaintiff having filed suit against him.

To prevail on a First Amendment retaliation claim a plaintiff must show: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity was at least a motivating factor in the Defendant's decision to take the retaliatory action.  *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012) (internal citations omitted).  Suing prison officials is protected activity under the First Amendment ( *Lewis v. Casey,* 518 U.S. 343, 350 (1996); *Lekas v. Briley,*

405 F.3d 602, 614 (7th Cir.2005)), and it is reasonably possible that Kittle was motivated by either prior litigation activity—something that cannot be conclusively determined at this early juncture.  Count 2, therefore must proceed against Kittle in his individual capacity.

The claim that Kittle remaining as Plaintiff's counselor evinces a conspiracy will be dismissed without prejudice. "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011).  "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id*. at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)).  Plaintiff offers nothing more than a bare assertion that, as pleaded, does not satisfy the *Twombly* pleading standard—It is possible, but not plausible.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all claims against Defendant **NURSE PRACTITIONER BURCHES** are **DISMISSED with prejudice** and **BURCHES** is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that all claims against Defendant **JOHN COE** are **DISMISSED without prejudice**, and **COE** is dismissed from this action.

**IT IS FURTHER ORDERED** that all claims against all defendants in their official capacities are **DISMISSED without prejudice**, except **WARDEN STEPHEN DUNCAN** shall remain a defendant in his official capacity relative to **COUNT 1**, for purposes of injunctive relief only.

**IT IS FURTHER ORDERED** that the allegation of conspiracy in **COUNT 2** is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNTS 1 and 2** shall otherwise **PROCEED** against Defendant **WARDEN STEPHEN DUNCAN**, in his official capacity only, and against Defendants **C/O CORKFETER, TONY KITTLE, PHILLIPE and JOHN DOES #1-4** in their individual capacities.

The Clerk of Court shall prepare for Defendants **WARDEN STEPHEN DUNCAN**, in his official capacity only, and Defendants **C/O CORKFETER, TONY KITTLE, and PHILLIPE** in their individual capacities:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

Service shall not be made on the "John Doe" Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending

the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.  The undersigned judge will rule on Plaintiff's recently filed motion for leave to proceed *in forma pauperis* (Doc. 3) by separate order.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 6, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**